UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Baby,<br><br>                     Plaintiff,<br><br>       - against -<br><br>Mercy Medical Center and Bivin Thomas,<br><br>                     Defendants. | 15 CV ( )( )<br><br>Complaint and Jury Demand |

Plaintiff, by his attorney, Michael G. O'Neill, complain against defendants as follows:

1. This is an action alleging retaliation for bringing a lawsuit claiming discrimination in employment on the basis of "race," (including ethnicity) and national origin.

2. Jurisdiction is by virtue of 28 U.S.C. §1331, 28 USC §1343, 28 U.S.C. §1367, 42 USC §2000e et seq., and 42 USC §1981.

3. Venue is proper because one or more defendants is a resident of the Eastern District of New York.

4. Plaintiff Jose Baby is an individual and resides in the state of New York.

5. Defendant Mercy Medical Center ("Mercy") is a corporation formed under the laws of the State of New York.

6. Defendant Bivin Thomas ("Thomas") is an individual.

7. Mercy owns and operates a hospital.

8. In or about February, 2014, Baby applied for an open position as a Sterile Technician at respondent Mercy Medical Center ("Mercy"), a position for which he was qualified.

9. In connection with that job application, Baby sat for an interview with Denise Baston, respondent's director of Human Resources, on or about March 3, 2014. At the conclusion of the interview, Baston informed Baby that he was to sit for a second interview, this time with Mr. Bivin Thomas, the manager of the Sterilization Department at Mercy.

10. Baby met with Thomas that same day. During the interview, Thomas asked Baby questions about his previous employer, Nassau University Medical Center ("Nassau") and his previous supervisor at Nassau, Michael Gonzalez, and Thomas asked Baby if he had ever brought charges of discrimination against his previous employer and/or Gonzalez for race-based employment discrimination.

11. Baby had, in fact, brought charges of discrimination against Nassau and Gonzalez for race-based employment discrimination. Baby asked Thomas how he knew about his charge against Nassau and Gonzalez, to which Thomas replied that he and Gonzalez were former co-workers and that the two of them had had a telephone conversation about Baby and his interest in working at Mercy.

12. Despite his being qualified for the position, respondent did not hire Baby for the Sterile Technician position for which he applied.

13. Thomas, in his capacity as Director of the Sterilization Department at Mercy, retaliated against Baby for his lawful charge of employment discrimination against Nassau and Gonzalez by refusing to hire him for the Sterile Technician position.

14. At all times, respondent Mercy was responsible and liable for the conduct of its employee, Bivin Thomas.

15. Plaintiff timely filed a charge of retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

16. On about June 24, 2014, plaintiff received a "right to sue" letter from the EEOC.

### First Claim

17. Defendants violated Title VII of the Civil Rights Act of 1964 by retaliating against plaintiff on the basis of his lawful charge of discrimination against Nassau and Gonzalez.

### Second Claim

18. Defendants violated 42 U.S.C. 1981 by retaliating against plaintiff on the basis of his lawful charge of discrimination against Nassau and Gonzalez.

### Third Claim

19. Defendants violated the New York State Human Rights law by retaliating against plaintiff on the basis of his lawful charge of discrimination against Nassau and Gonzalez.

WHEREFORE, plaintiffs demand judgment for all relief permitted by law, including but not limited to:

a    Awarding plaintiff a money judgment for his damages, including but not limited to lost wages, lost benefits, front pay, other economic damages, shame, humiliation, embarrassment and mental distress;

b    Awarding plaintiff punitive damages under the second claim;

c    Awarding plaintiff a statutory attorneys' fee;

d    Awarding pre-verdict, post-verdict and prejudgment interest and costs;

e    Granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
       September 21, 2015

LAW OFFICE OF MICHAEL G. O'NEILL

By: _____
Benjamin L. Federici
Attorneys for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
September 21, 2015

LAW OFFICE OF MICHAEL G. O'NEILL

By: _____
Benjamin L. Federici
Attorneys for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990